584 So.2d 574 (1991)
SOUTHEASTERN CONCRETE FLOOR and Florida Insurance Guaranty Association, Inc., a non-profit Florida Corporation, Appellants,
v.
Alexander CHARLTON, Appellee.
No. 90-2033.
District Court of Appeal of Florida, First District.
July 3, 1991.
Rehearing Denied September 25, 1991.
*575 Edward D. Schuster of Pyszka, Kessler, Massey, Weldon, Catri, Holton & Douberley, P.A., Fort Lauderdale, for appellants.
Earle Lee Butler, Fort Lauderdale, for appellee.
NIMMONS, Judge.
The employer and carrier (E/C) appeal from an order of the Judge of Compensation Claims (JCC) requiring the E/C to reimburse the claimant for guardianship fees and attorney's fees related to the guardianship as well as the award of attorney's fees and costs to the claimant for the stated reason that the E/C controverted the claims concerning the guardianship.
The claimant suffered a compensable work-related injury on February 8, 1982 when he was struck in the head by a cement bucket. The injury exacerbated the claimant's pre-existing psychiatric condition, and the claimant has been diagnosed as having paranoid-type schizophrenia and post-traumatic stress syndrome. In a 1986 order, the JCC found that the claimant was incapable of handling his own affairs and instructed the claimant's attorney to petition the circuit court to have a guardian appointed for the claimant.
Pursuant to the JCC's order, the claimant's attorney filed a petition in the circuit court and the claimant was adjudicated incompetent and a guardian was appointed. In June, 1989, the claimant's attorney petitioned the circuit court for payment of fees and costs. In January, 1990, the circuit judge found that the amount requested was a fair and reasonable fee for the services rendered by the claimant's attorney, considering the claimant's condition as a result of his work-related injury and in accord with the JCC's order requesting the circuit court appoint a guardian and supervise the claimant's funds. The circuit court then ordered that the funds be disbursed from the claimant's guardianship account.
The claimant then filed a claim for benefits seeking reimbursement from the E/C for payment of the guardianship fees and attorney's fees relating to the guardianship. Following a hearing, the JCC entered the subject order in which he found that *576 fees requested by the claimant were properly recoverable against the E/C.
Section 440.17, Florida Statutes (1989) states in pertinent part:
440.17 Guardian for minor or incompetent.  Prior to the filing of a claim, the division, and after the filing of a claim, a judge of compensation claims, may require the appointment by a court of competent jurisdiction, for any person who is mentally incompetent or a minor, of a guardian or other representative to receive compensation payable to such person under this chapter and to exercise the duties required of such person under this chapter. .. .
The cases which construe this statute speak strongly in terms of the JCC's obligation to ensure that the interests of a mentally incompetent claimant are protected. In Cornelius v. Sunset Golf Course, 423 So.2d 567 (Fla. 1st DCA 1982), this court found that based on the evidence which clearly revealed the claimant to be mentally incompetent, the JCC abused his discretion in not requiring the appointment of a guardian under Section 440.17. Moreover, this court recognized that courts have a continuing duty and obligation to preserve and protect the ward's interest, which is especially true in workers' compensation cases where the law is liberally construed in favor of the claimant. Id. at 569.
The E/C asserts the JCC was without jurisdiction to order the reimbursement of the guardianship fees and attorney's fees related to the guardianship. However, Section 440.17 contemplates that a guardian is responsible to "exercise the powers granted to or perform the duties required" under the Workers' Compensation Act. To adopt the E/C's argument and deny all fees and costs incurred as a result of the guardianship would be in derogation of the purposes of the Act as well as Section 440.17. It is undisputed that there was a causal relationship between the subject industrial accident and the mental disorder which precipitated the JCC's invocation of the provisions of Section 440.17 and the consequent establishment of a guardianship for the claimant.
Although we hold that the guardianship fees and the attorney's fees related to the guardianship are properly awardable against the E/C, such fees are awardable only to the extent that they are incurred in and about the handling of the claimant/ward's rights, duties, and responsibilities under Chapter 440, including but not necessarily limited to such activities as the collection of benefits under Chapter 440, obtaining medical services for the claimant, and representation of the claimant in proceedings before the JCC. The attorney's fees which were incurred in representing the claimant in criminal proceedings were not properly awardable against the E/C. We remand for further proceedings before the JCC for the determination as to which of the fees are properly awardable under the above criteria.
The E/C also appeals the JCC's award of attorney's fees to the claimant on the basis that the E/C controverted the claim for guardianship fees and attorney's fees related to the guardianship, the JCC relying upon the provisions of Section 440.34(3), Florida Statutes (1989). Pursuant to that section, a claimant is entitled to recover a reasonable attorney's fee from the E/C if the E/C denies that a compensable injury occurred and the claimant prevails on the issue of compensability. According to Farm Stores, Inc. v. Harvey, 474 So.2d 4 (Fla. 1st DCA 1985), under the above statute, denial "that an injury occurred" (e.s.) permits a fee when the E/C admits compensability of certain injuries from an accident, but denies the causal relation of another injury. Id. at 5.
Though the institution of guardianship proceedings and the attendant costs incurred are causally related to the claimant's industrial injury in the case at bar, it cannot be construed as the occurrence of an injury which was denied by the E/C. For that reason, we reverse the JCC's award of attorney's fees under Section 440.34(3)(c).
*577 Affirmed in part, reversed in part and remanded for further proceedings consistent with this opinion.
SMITH and MINER, JJ., concur.