BOOTH, Judge.
This cause is before us on appeal and cross appeal from an order of the judge of compensation claims (JCC), modifying the previous determination of claimant’s average weekly wage (AWW) as based upon a mistake of fact, and determining claimant’s asthma condition to be compensable. On cross appeal, claimant • contends the JCC erred in determining the amount by which her AWW should be modified. We affirm without further discussion that portion of the order determining the asthma condition to be compensable, reverse that portion of the order modifying the prior determination of claimant’s AWW, and consequently, do not reach the cross appeal.
On December 27, 1986, claimant sustained an industrial injury when she slipped and fell at her place of employment at PLM Hotels. Her claim proceeded to final hearing on the issues of compensability of a back condition and calculation of her AWW. The parties presented conflicting evidence as to compensability of claimant’s back condition and whether overtime should be included in claimant’s AWW. By compensation order of June 23, 1988, the JCC found claimant’s back condition com-pensable but rejected her claim for the inclusion of overtime in her AWW. This court, on May 19, 1989, in case 88-1869, affirmed without opinion the finding of compensability and the determination of claimant’s AWW.
During the pendency of the compensation claim, claimant had filed in the Dade County Circuit Court an action against the employer seeking damages under Title 29 U.S.C.A. § 201, et seq., commonly called the Federal Fair Labor Standards Act, for unpaid overtime and liquidated damages.[1] Claimant also sought in this action damages for retaliatory termination, in contravention of section 440.205, Florida Statutes.[2] Pursuant to mediation, these claims settled. Under the settlement, claimant was to receive $10,000 for her Fair Labor Standards Act claim, consisting of $3,150 in past overtime wages, an equal amount for liquidated damages, $1,840 for interest, and *1362 $1,860 for attorney fees. Claimant was also to receive $42,500 for her retaliatory termination claim. Judgment was to be entered against the employer as to the Fair Labor Standards Act claim, and the retaliatory termination claim was to be dismissed with prejudice. On March 16, 1990, the circuit court entered judgment in accordance with the settlement. The judgment contained a “finding” that claimant had worked 12.5 hours of overtime during each week of her employment with the employer.
Almost immediately thereafter, claimant filed a claim for modification of the earlier compensation order, seeking inclusion of the amounts awarded in the circuit court action for overtime and liquidated damages, in the determination of her AWW. The claim for modification was consolidated with an earlier-filed claim for compensability of an asthma attack, and final hearing on both claims took place June 20, 1991. At the merits hearing, the employer and carrier (E/C) asserted as a defense to modification that the issue of claimant’s entitlement to overtime in the determination of her AWW had previously been litigated before the JCC and affirmed by this court, and accordingly, could not be relitigated. The E/C also contended that because the judgment in the circuit court had followed a mediated settlement, the settlement could not be used to establish a mistake in fact. The JCC found that because the circuit court had entered a judgment finding that claimant had worked overtime, the earlier compensation order finding to the contrary was based upon a mistake of fact. The JCC entered an order modifying claimant’s AWW to include the overtime as set forth in the judgment of the circuit court.
Except to the extent section 440.28 permits modification in cases of a change of condition or a mistake in the prior determination of the facts, compensation orders are governed by the same principles of res judicata, collateral estoppel, and law of the case as are applied in other courts. Holder v. Keller Kitchen Cabinets, 610 So.2d 1264 (Fla.1992). Claimant makes no argument that the order entered by the circuit court somehow constitutes a change in condition. Consequently, the only issue is whether the circuit court order was sufficient to permit the JCC to conclude that the prior determination of claimant’s AWW was based upon a mistake in determination of fact.
In limited situations, a claimant may seek modification based upon a mistake of fact when material evidence which adds something new becomes available after entry of the original order, and the evidence could not have been discovered or did not exist prior to the entry of the original order. Hughes v. Denny’s Restaurant, 328 So.2d 830, 834 (Fla.1976) (where the state of the medical art advances to the point that new evidence becomes available which was not previously known, in that limited situation, the JCC is justified in concluding that she had made a mistake of fact in the prior determination of claimant’s medical condition and in granting modification). The statute was not intended, however, to afford a claimant a vehicle with which to relitigate an issue which has previously been determined solely because of an increase in the quantum and probative force of evidence supporting a conclusion contrary to that reached in the prior determination. Southern Bell Telephone & Telegraph Company v. Blackstock, 419 So.2d 360, 362 (Fla. 1st DCA 1982); Hall v. Seaboard Maritime Corporation, 104 So.2d 384, 387 (Fla. 1st DCA 1958).
We have no difficulty concluding, under the circumstances of this case, that the modification of claimant’s AWW was error. The issue of claimant’s AWW had been fully litigated before the JCC, appealed to this court, and was final. In order to establish entitlement to a modification of her AWW, claimant had the burden of presenting the JCC with new evidence which could not have been discovered during the pen-dency of the earlier proceeding and then presented to the JCC. The mere fact that a different tribunal, for a different purpose *1363 and under different circumstances, reached a different conclusion was not, as a matter of law, new “evidence” permitting modification of claimant’s AWW.
The order appealed from is affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion.
SMITH and BARFIELD, JJ., concur.

. Title 29 U.S.C.A. § 216(b) provides in pertinent part:
Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages.

. Section 440.205, Florida Statutes, provides:
COERCION OF EMPLOYEES. No employer shall discharge, threaten to discharge, intimidate, or coerce any employee by reason of such employee’s valid claim for compensation or attempt to claim compensation under the Workers’ Compensation Law.