656 So.2d 1378 (1995)
BUENA VISTA CONSTRUCTION COMPANY and Aetna Life & Casualty Company, Appellants,
v.
Donald CAPPS, Appellee.
No. 94-564.
District Court of Appeal of Florida, First District.
July 13, 1995.
*1379 Daniel DeCiccio & Roland P. Tan, Jr., of Deciccio & Associates, Orlando, for appellants.
Frederic M. Schott, Orlando, for appellee.
SMITH, Senior Judge.
The employer/carrier appeal a worker's compensation order awarding attorney's fees to claimant's attorney. The E/C contend that the judge of compensation claims erroneously considered the value of future benefits in awarding the fee, because the only monetary benefits obtained by the services of claimant's attorney were limited to past-due and unpaid benefits under a previously entered worker's compensation order. We agree and reverse.
On August 5, 1991, a worker's compensation order was entered awarding to the claimant various benefits, including permanent total disability, permanent total supplemental benefits, and attendant care. On appeal by the E/C, this court affirmed the awards, Buena Vista Construction Co. v. Capps, 606 So.2d 1168 (Fla. 1st DCA 1992), and the mandate of this court was issued. Thereafter, on March 5, 1993, the parties entered into a joint stipulation for the payment of all outstanding and unpaid medical bills and benefits, and agreed upon the payment of attorney's fees to claimant's attorney. Pursuant to the stipulation, the E/C paid to claimant's attorney the sum of $100,000.00, in full payment and settlement of all attorney's fees claimed or owing as of that date, taking into consideration "all benefits secured by claimant's counsel to date including but not limited to permanent total disability benefits, permanent total disability supplemental benefits, and past and future attendant care and medical." The JCC approved the stipulation and entered an appropriate order.
The E/C failed to make payment of the permanent total and supplemental benefits due and payable on April 9, 1993. In response, claimant's attorney filed a claim, dated May 10, 1993, and faxed a copy to the E/C on the same date. Subsequently, on May 21, 1993, claimant's attorney filed a petition for rule nisi in the circuit court. Upon being served with a copy of the show cause order, the E/C promptly issued a check for the unpaid benefits.
On August 5, 1993, claimant's attorney also filed a claim for underpaid attendant care benefits. The prior order, which was affirmed on appeal, provided for payment of attendant care for two hours per day, 7 days per week. The claim asserted that the E/C paid for only 28 days a month for each of the months beginning December, 1992, through and including July, 1993. Upon receiving the claim and application for hearing, the E/C promptly paid the wrongfully withheld attendant care benefits.
Prior to the hearing before the JCC on attorney's fees, the parties stipulated that claimant's attorney was entitled to a reasonable fee for his services rendered in behalf of *1380 the claimant subsequent to March 9, 1993, including services rendered in securing a new physician for the claimant, as to which the parties agreed upon the sum of $3,000.00 as the reasonable value of future medical benefits secured. At the hearing before the JCC, there was no live testimony. The JCC received affidavits and other documents, and heard argument of counsel. At the conclusion of the hearing, the judge awarded attorney's fees which he described as a "statutory guidelines" fee under section 440.34(1)(a)-(h), in the amount of $54,722.34. This appeal followed.
It is undisputed that the JCC based the award of attorney's fees on the value of permanent total disability benefits and permanent total supplemental benefits in default, plus interest and penalties, amounting to approximately $5,900, and additional medical benefits valued at $3,000, together with future benefits payable under the final order of August 5, 1991. Thus, the JCC based the attorney's fee award on the securing of benefits totaling $359,815.00. This was error.
On appeal, the claimant's attorney offers an explanation of the manner in which the JCC arrived at his conclusion concerning the value of benefits to be used in computing the guidelines fee. According to claimant's attorney, the JCC recognized that since the E/C failed to pay the benefits previously ordered, a "new benefits package" was secured by and through the efforts of the claimant's attorney. He also contends that the E/C never argued below that a new claim for these benefits was improper, or that the issues were res judicata or that "entitlement" was an issue. We find these arguments somewhat incredible.
The JCC in his order recognized the finality and binding effect of the final order of August 5, 1991. He also acknowledged in his order that the E/C objected to consideration of any future benefits payable under the final order in computing the attorney's fee for the services of claimant's attorney in enforcing the final workers' compensation order. Nevertheless, it appears that the JCC accepted the argument of claimant's attorney that the statutory guidelines fee should be computed based not only upon the payments in default since April 9, 1993, but also all permanent total and supplemental benefits payable in the future based upon the claimant's life expectancy.
The law is clear that compensation orders are governed by the same principles of res judicata, collateral estoppel, and law of the case as are applied to judgments in other courts, except to the extent section 440.28, Florida Statutes, permits modification. PLM Florida Hotels, Inc. v. Demarseul, 611 So.2d 1360, 1362 (Fla. 1st DCA 1993), review denied DeMarseul v. PLM Florida Hotels, Inc. 620 So.2d 760 (Fla. 1993). The JCC erroneously included future monetary benefits in computing the attorney's fee award. These future benefits were already "secured" under the final order of August 5, 1991, and the JCC had no jurisdiction to alter, amend, or otherwise to "re-secure" all or any part of those benefits in the absence of a petition for modification under section 440.28. No such petition was pending before the JCC, and no order of modification was entered.
The JCC had no jurisdiction even to "enforce" the prior compensation order, since the sole remedy for enforcement is by the procedure outlined in section 440.24(1), Florida Statutes, which provides for petition for rule nisi and a show cause order issued by a circuit court. Fred Teitelbaum Const., Inc. v. Morris, 489 So.2d 1241 (Fla. 1st DCA 1986); Alvarez v. Kendall Associates, 590 So.2d 518, 519 (Fla. 3d DCA 1991). The JCC does have jurisdiction and authority to award attorney's fees for services of a claimant's attorney in an enforcement proceeding. Steele v. A.D.H. Bldg. Contractors, Inc., 196 So.2d 430 (Fla. 1967). The attorney's fee payable in enforcement proceedings is limited to a reasonable fee for services rendered in recovering the unpaid benefits. Neither the appellee's brief nor the order under review cites any authority, and we know of none, for the proposition that future benefits payable under an existing final workers' compensation order can be considered "resecured" in *1381 post-order enforcement proceedings for purposes of computing the claimant's attorney's fee.
We have noted the JCC's extensive reliance upon his finding that the E/C acted in bad faith in withholding payment of benefits to the claimant. The JCC specifically finds that the E/C acted with "actual active indifference and neglect" in failing to pay the claimant's benefits; and the order also specifically finds that the adjuster's attempt to explain the nonpayments as due to clerical error is unworthy of belief. Since the JCC has the authority to award attorney's fees for enforcement proceedings, Steele, 196 So.2d at 433, as stipulated by the E/C, we find the issue of bad faith in this proceeding largely irrelevant, except to the extent that any bad faith action or inaction on the part of the E/C created the need for additional time or effort on the part of the claimant's attorney in the enforcement proceedings. We note that the final order contains conclusions to the effect that bad faith did increase the work required of counsel, but there is an absence of factual findings to substantiate the conclusions. From the record, it appears that claimant's attorney filed a petition for rule nisi in the circuit court, and a claim for unpaid benefits with the JCC, which the E/C promptly paid upon being served with a show cause order. He then filed a claim for underpaid attendant care benefits and these benefits were promptly paid. The JCC obviously took into consideration the E/C's "bad faith" actions in determining that 45 hours expended by the claimant's attorney in these proceedings was reasonable. On appeal, the E/C does not specifically challenge the reasonableness of this time figure. They do contend, and we agree, that the fee award here, which amounts to in excess of $1,200 per hour, is grossly excessive.
REVERSED and REMANDED for award of attorney's fees based upon past due and unpaid monetary benefits recovered in these proceedings, together with a reasonable fee for securing future medical benefits in the form of a new physician for claimant.
BARFIELD, J., concurs.
ALLEN, J., dissents.
ALLEN, Judge, dissenting.
Because the judge of compensation claims correctly included the value of future benefits in computing the amount of attorney's fees awarded, I must dissent from the majority opinion. Notwithstanding an order of the judge of compensation claims and an affirmance of that order by this Court, the employer/carrier unilaterally terminated payment of benefits to the claimant. Although the employer/carrier contend that the lapse in payment was due to clerical error, the judge found that explanation unworthy of belief and found instead that the employer/carrier were acting in bad faith in withholding payment. The judge essentially found that the employer/carrier intended to make no further payments to the claimant and would have succeeded but for the intervention of the claimant's attorney. Thus, all permanent total disability benefits paid to the claimant following April 8, 1993, directly flowed from the efforts of the claimant's attorney.
Although the majority relies upon the prior compensation order in declaring that the future benefits were already "secured,"[1] the employer/carrier chose to disregard that award, forcing the claimant to engage an attorney to take additional action. Thus, it was the intervention of the claimant's attorney, rather than the prior compensation order, that actually secured the payment of benefits. I would therefore conclude that the judge correctly included reasonably predictable future benefits in computing the quantum of benefits obtained by the claimant's attorney in this proceeding, and would affirm the order as a proper statutory guideline attorney's fee under section 440.34, Florida Statutes.[2]
NOTES
[1] The majority directs that the attorney fees awarded upon remand should be based in part upon past due and unpaid benefits secured by the claimant's attorney. The majority does not explain how it reaches its apparent conclusion that these benefits had not likewise been "secured" by the prior compensation order.
[2] The majority concludes that the attorney fee award in this case is "grossly excessive" when considered in terms of the hours expended by the claimant's attorney. Although an award amounting to $1200 per hour is very substantial, we have upheld awards amounting to more than twice this figure. See, e.g., What An Idea, Inc. v. Sitko, 505 So.2d 497 (Fla. 1st DCA), rev. denied, 513 So.2d 1064 (Fla. 1987).