BENTON, Judge.
In awarding claimant’s counsel an attorney’s fee under section 440.34(1), Florida Statutes (1985), the judge of compensation claims concluded that the parties’ stipulation as to entitlement, approved by order entered August 31, 1995, limited consideration of “benefits secured” to moneys that had already been paid to the claimant or on her behalf. We agree with appellant’s contention that the stipulation will not bear this construction. On that ground, we vacate the order awarding attorney’s fees.
Before the fee award under review, claimant’s counsel had already, in accordance with a stipulation approved by order entered some three years earlier (August 17, 1992), been awarded a generous fee for obtaining attendant care benefits. The earlier stipulation and order expressly contemplated modifications “should it become necessary for future attendant care benefits to be provided by persons other than family members.” See Buena Vista Constr. Co. v. Capps, 656 So.2d 1378 (Fla. 1st DCA 1995)(holding that the judge of compensation claims erroneously included future benefits payable under prior workers’ compensation order, in computing claimant’s attorney’s fees in enforcement proceeding).
In 1992, the claimant rejected proffered professional attendant care, electing instead to rely only on family members for assistance. When subsequently requested, however, professional attendant care was furnished, as contemplated by the 1992 stipulation. To the extent his construction of the 1995 stipulation led the judge of compensation claims to omit consideration of attendant care benefits payable to persons other than family members, we conclude the error was harmless. The 1992 stipulation explicitly predicated the six-figure fee then awarded on counsel’s obtaining foreseeable future benefits as well as on benefits then in hand.
The order under review also fails, however, to take into account the present value of the increase in attendant care benefits payable to family members after August 31,1995. Such an increase was not contemplated in the parties’ original 1992 stipulation. The increase *121 is properly attributable to claimant’s counT sel’s efforts since the original fee award, efforts which the judge of compensation claims found reasonably entailed expenditure of eighty-four hours of counsel’s time. We do not disturb this finding. But we vacate the order under review and remand for reconsideration of the amount of the attorney’s fees award in light of the increase in benefits payable (heretofore and hereafter) to family members. This increase was secured independently of the original stipulation, and was not contemplated at the time of the first fee award.
Claimant asserts as further error the denial of prejudgment interest on the (second) attorney’s fee award, on and after August 31, 1995, when entitlement was established. In Wells Fargo Armored Servs. v. Lee, 692 So.2d 284, 287 (Fla. 1st DCA 1997), review granted, No. 90,455, 699 So.2d 689 (Fla. Sept. 2, 1997), we recently rejected the identical contention, but certified as a question of great public importance:
Does the court’s decision in Quality Engineered Installation, Inc. v. Higley South, Inc., 670 So.2d 929 (Fla.1996), extend to permit the accrual of prejudgment interest on attorney’s fees, authorized pursuant to the Workers’ Compensation Law, from the date entitlement to the fee is determined, when an amount for same has not yet been established?
Here the parties concur in requesting that we certify the same question in the present case so that like cases may be treated alike on this issue. We grant the request and again certify the same question.
Vacated and remanded.
BARFIELD, C.J., and ERVIN, J., concur.