727 So.2d 388 (1999)
ALACHUA COUNTY ADULT DETENTION CENTER and Palmer & Cay/Carswell, Petitioners,
v.
Phillip Jerry ALFORD, Respondent.
No. 98-3817.
District Court of Appeal of Florida, First District.
March 10, 1999.
*389 Suzanne M. Himes, Ocala, for Petitioners.
William G. McLean, Jr., Ocala, for Respondent.
KAHN, J.
The employer/carrier (E/C) have filed a petition for certiorari challenging an order entered by the judge of compensation claims (JCC). The JCC's order denies the E/C's motion to stay payment of permanent total disability (PTD) benefits pending review of their application for modification. We deny the petition for certiorari.
On January 14, 1995, the claimant, Phillip Jerry Alford, was injured in his employment as a correctional officer. By order rendered September 26, 1997, the JCC found Alford entitled to PTD benefits. Specifically, pursuant to section 440.02(34)(f), Florida Statutes (1995), the JCC determined that Alford was entitled to PTD benefits because he sustained an injury that would qualify him to receive disability income benefits under Title II or supplemental security income benefits under Title XVI of the Social Security Act. The E/C appealed and this court issued a per curiam affirmance.
During the pendency of the appeal, Alford applied for but was twice denied social security disability income benefits. Based on the Social Security Administration's determination that Alford was not entitled to benefits, the E/C filed an application for modification. The E/C also filed a motion to stay payment of PTD benefits pending review of the modification application. The E/C argued that, in finding Alford PTD, the JCC had made a mistake in determination of fact concerning Alford's entitlement to social security benefits. The JCC denied the E/C's motion for a stay, and the E/C filed a petition for writ of certiorari in this court.
We deny the petition for certiorari because the E/C have not shown that the JCC departed from the essential requirements of law. First, as the JCC pointed out in the order, the authority to grant a stay or injunction has not been specifically delegated to the JCCs by the Legislature. See Millinger v. Broward County Mental Health Division, 672 So.2d 24, 26-27 (Fla.1996) (finding that JCC did not have authority to vacate and reenter final order); Farrell v. Amica Mutual Ins. Co., 361 So.2d 408, 410 (Fla.1978) (explaining that Industrial Relations Commission exists and operates under grant of quasi-judicial power from Legislature supplemented only by rules of procedure applicable to it adopted by supreme court, not rules of civil procedure, and had no authority to vacate final order entered months earlier). The E/C cited no such authority in their motion seeking the stay. Indeed, nothing in chapter 440 or the Workers' Compensation Rules of Procedure appears to authorize a JCC to grant such relief in a case like this. See §§ 440.29 (procedure before JCCs), .33 (powers of JCCs), Fla. Stat. (1995); cf. § 440.385(11), Fla. Stat. (1995) (relating to the Florida Self-Insurers Guaranty Association and providing that "[a]ll proceedings in which an insolvent employer is a party, or is obligated to defend a party, in any court or before any quasi-judicial body or administrative board in this state shall be stayed for up to 6 months, or for such additional period from the date the employer *390 becomes an insolvent member, as is deemed necessary by a court of competent jurisdiction to permit proper defense by the association of all pending causes of action....").
In addition, the E/C have not shown that they will prevail in their motion for modification. Apparently, there has been no change in Alford's condition or circumstances since the entry of the PTD order; i.e., there is no new evidence regarding his physical condition, nor has he started working. See § 440.28, Fla. Stat. (1995) (modification of orders). The only event relied on by the E/C is the Social Security Administration's denial of Alford's application for benefits, which took place subsequent to the entry of the PTD order. That is an entirely separate proceeding, however, and it should have no effect on Alford's entitlement to PTD benefits, which has already been established and affirmed on appeal.
The circumstances here are similar to those in PLM Florida Hotels, Inc. v. DeMarseul, 611 So.2d 1360 (Fla. 1st DCA 1993). In that case, the JCC found the claimant's condition compensable but rejected her claim for the inclusion of overtime in her average weekly wage (AWW). Id. at 1361. On appeal, this court affirmed the JCC's order without opinion. Id. Meanwhile, during the pendency of the compensation claim, the claimant had filed an action against the employer in circuit court seeking damages under the Federal Fair Labor Standards Act, for unpaid overtime and liquidated damages. Id. The circuit court ultimately entered a judgment in accordance with a settlement agreement reached by the parties. Id. at 1361-62. "The judgment contained a `finding' that claimant had worked 12.5 hours of overtime during each week of her employment with the employer." Id. at 1362. The claimant then filed a claim for modification of the earlier compensation order, seeking inclusion in her AWW of the amounts awarded in the circuit court for overtime and liquidated damages. Id. "The JCC found that because the circuit court had entered a judgment finding that claimant had worked overtime, the earlier compensation order finding to the contrary was based upon a mistake of fact." Id. Accordingly, the JCC entered an order modifying the claimant's AWW to include the overtime. On appeal, this court determined that the JCC erred in modifying the claimant's AWW:
Except to the extent section 440.28 permits modification in cases of a change of condition or a mistake in the prior determination of the facts, compensation orders are governed by the same principles of res judicata, collateral estoppel, and law of the case as are applied in other courts.... Claimant makes no argument that the order entered by the circuit court somehow constitutes a change in condition. Consequently, the only issue is whether the circuit court order was sufficient to permit the JCC to conclude that the prior determination of claimant's AWW was based upon a mistake in determination of fact.
In limited situations, a claimant may seek modification based upon a mistake of fact when material evidence which adds something new becomes available after entry of the original order, and the evidence could not have been discovered or did not exist prior to the entry of the original order.... The statute was not intended, however, to afford a claimant a vehicle with which to relitigate an issue which has previously been determined solely because of an increase in the quantum and probative force of evidence supporting a conclusion contrary to that reached in the prior determination.
We have no difficulty concluding, under the circumstances of this case, that the modification of claimant's AWW was error. The issue of claimant's AWW had been fully litigated before the JCC, appealed to this court, and was final. In order to establish entitlement to a modification of her AWW, claimant had the burden of presenting the JCC with new evidence which could not have been discovered during the pendency of the earlier proceeding and then presented to the JCC. The mere fact that a different tribunal, for a different purpose and under different circumstances, reached a different conclusion was not, as a matter of law, new "evidence" *391 permitting modification of claimant's AWW.
Id. at 1362.
As in PLM, subsequent to the entry of an order awarding benefits, a different body reached a different conclusion regarding the issue presented to the JCC. The issue of Alford's entitlement to PTD benefits pursuant to section 440.02(34)(f) had been fully litigated before the JCC and appealed to this court. To establish entitlement to modification, the E/C have the burden of presenting the JCC with new evidence that could not have been discovered during the earlier proceeding. According to PLM, the mere fact that a different tribunal subsequently reached a different conclusion does not constitute such new evidence.
Moreover, section 440.02(34)(f) does not require that the claimant actually receive social security disability; rather, it provides only that, in addition to the specifically described injuries and conditions, a catastrophic injury consists of "[a]ny other injury that would otherwise qualify under this chapter of a nature and severity that would qualify an employee to receive disability income benefits under Title II or supplemental security income benefits under Title XVI of the federal Social Security Act...." The E/C have made no showing that the Legislature intended to delegate the authority of the JCC to the Social Security Administration. The statutory scheme refutes the argument that an adverse decision by the Social Security Administration would constitute a condition subsequent that would cancel a PTD award. The Legislature has adopted the social security disability standard for catastrophic injury. The Legislature has also required a PTD claimant to apply for social security disability benefits. See § 440.15(1)(f)2.b., Fla. Stat. (1995); Ace Disposal v. Holley, 668 So.2d 645 (Fla. 1st DCA 1996). Conspicuously, however, the statutory scheme stops there. No provision appears for obliteration of a PTD award if the claimant does not in the future qualify for social security disability payments. The JCC, subject to review by this court, has independent statutory authority to evaluate a claimant's condition and award or deny PTD benefits. There is no indication that the Legislature ever intended the highly disruptive mechanism of allowing, in essence, review of a Florida worker's compensation award by the federal Social Security Administration.
WOLF and PADOVANO, JJ., CONCUR.