922 So.2d 252 (2006)
Jose VALDES, Appellant,
v.
GALCO CONSTRUCTION and GAB, Appellees.
No. 1D04-4193.
District Court of Appeal of Florida, First District.
January 26, 2006.
Rehearing Denied March 3, 2006.
*253 Mark L. Zientz, Esquire and Andrea Cox, Esquire of the Law Offices of Mark L. Zientz, P.A., Miami, for Appellant.
Kimberly A. Hill, Esquire of Conroy, Simberg, Ganon, Krevans and Abel, P.A., Hollywood, for Appellees.
BENTON, J.
Jose Valdes appeals an amended order awarding an attorney's fee of $10,000, instead of a statutory guidelines fee based on the amount of benefits secured. The judge of compensation claims found benefits had been secured after Mr. Valdes's counsel filed a petition for benefits; and that he took other steps to preserve benefits, in defending modification proceedings that Galco Construction and its insurance carrier (GAB) instituted under section 440.28, Florida Statutes (1999). Mr. Valdes contends the award is inadequate. We vacate the amended order on attorney's fees, and remand for reconsideration under section 440.34, Florida Statutes (1983).

*254 I.
"The starting point in determining a fee award under section 440.34 is the amount of benefits the attorney obtained for the claimant." Trans World Tire Co. v. Hagness, 651 So.2d 124, 125 (Fla. 1st DCA 1995). "In awarding a reasonable attorney's fee, . . . only those benefits to the claimant that the attorney is responsible for securing" should be considered. § 440.34(2), Fla. Stat. (1983). The judge of compensation claims determined that claimant's counsel secured $56,009.73 for Mr. Valdes in past permanent total disability indemnity benefits, $200,737.75 in future permanent total disability indemnity benefits, and $111,463.71 in future attendant care benefits. Section 440.34(1), Florida Statutes (1983), provides that
any attorney's fee approved . . . shall be equal to 25 percent of the first $5,000 of the amount of the benefits secured, 20 percent of the next $5,000 of the amount of the benefits secured, and 15 percent of the remaining amount of the benefits secured.
The judge of compensation claims did not reduce the awards of future benefits to present value or actually calculate a fee based on the benefits he found had been secured in the present case. But, based on statutory  and other  factors, the judge of compensation claims departed downward from the (uncalculated) "presumptively fair fee." See Marsh v. Benedetto, 566 So.2d 324, 325 (Fla. 1st DCA 1990) (explaining that while "[s]ection 440.34 sets [a] percentage formula amount as the customary or presumptively fair fee for legal services rendered pursuant to a contingency fee arrangement[,] it further specifies that the judge shall consider the several factors in subparagraphs [ (1) ](a) through (h) in each case and `may increase or decrease the attorney's fee if, in his judgment, the circumstances of the particular case warrant such action . . . .'").

II.
Mr. Valdes was injured in an industrial accident while working for Galco Construction on January 15, 1985. Voluntarily accepted soon thereafter as permanently, totally disabled, he originally received indemnity and medical benefits; and was subsequently awarded benefits for attendant care by order entered on the parties' stipulation.
More than ten years after it had begun paying him indemnity benefits, GAB initiated video surveillance of Mr. Valdes, took his deposition, and furnished the results of both to the Florida Division of Insurance Fraud. Eventually, in December of 1999, Mr. Valdes was arrested and charged with insurance fraud in connection with his workers' compensation claim for the 1985 injury.
GAB suspended all indemnity payments on the day of his arrest, and filed a petition for modification under section 440.28, seeking to terminate his attendant care benefits. Later, the State Attorney for the Eleventh Judicial Circuit filed an information charging him with a criminal violation of section 440.105, Florida Statutes (1999). Mr. Valdes retained Mark Zientz, Esq., to represent him in the workers' compensation proceedings, and Stuart Markus, Esq. to represent him in the criminal proceedings.
In the criminal case, Mr. Valdes refused to admit guilt or accept any plea agreement that would render him ineligible for workers' compensation benefits. See § 440.09(4), Fla. Stat. (1999) ("An employee shall not be entitled to compensation or benefits under this chapter if any . . . court, or jury convened in this state determines that the employee has knowingly or intentionally engaged in any of the acts *255 described in s. 440.105. . . ."). Shortly before the criminal case was to have gone to trial in June of 2002-but not before Mr. Valdes had become indebted to Mr. Markus for attorney's fees in the amount of $75,000-the State Attorney nolle prossed.
For his part, Mr. Zientz filed a petition for benefits seeking the indemnity benefits GAB had stopped paying, and actively opposed the petition for modification filed to cut off attendant care benefits. As it happened, however, neither petition needed to be litigated to the point of a final hearing because, after the criminal proceedings terminated, Galco and GAB abandoned their petition for modification; resumed paying indemnity benefits prospectively; and paid all back indemnity benefits, together with penalties and interest.

III.
Galco and GAB conceded their liability for a reasonable fee for the work Mr. Zientz had performed on behalf of Mr. Valdes in the workers' compensation proceedings. The parties could not agree on the amount of such a fee, however, and the matter came on for hearing on December 2, 2003. After some delay, see Valdes v. Galco Constr., 883 So.2d 359 (Fla. 1st DCA 2004), the judge of compensation claims entered on August 31, 2004, the amended order on attorney's fees now on review, which determined that Galco and GAB were not obligated to Mr. Markus (or to Mr. Valdes on account of Mr. Markus's work) for any fees whatsoever; and that, while Mr. Zientz's work did not merit an award of the statutory guidelines fee, Galco and GAB were obligated for a $10,000 fee on account of Mr. Zientz's work; but that they did not owe "prejudgment interest" on the fee.

A.
In declining to award fees based on Mr. Markus's work in the criminal case, the judge of compensation claims was eminently correct. Mr. Markus did not file a petition for benefits in the workers' compensation proceedings, did not participate in the case (prior to the fee hearing), and did not actually secure any workers' compensation benefits for Mr. Valdes. See § 440.34(2), Fla. Stat. (1983) ("In awarding a reasonable attorney's fee, the deputy commissioner shall consider only those benefits to the claimant that the attorney is responsible for securing."). Mr. Markus's sole responsibility was the criminal matter. He was not of record in the workers' compensation case, and was not employed by or otherwise formally associated with Mr. Zientz or his law firm.

B.
The judge of compensation claims also correctly denied prejudgment interest. Where the amount of the fee is disputed, an order setting the amount is a condition precedent to lawful payment. Not unlike predecessor statutes dating back to well before 1985, section 440.34(1), Florida Statutes (2005), forbids, insofar as pertinent here, payment of any "fee . . . for a claimant in connection with any proceedings arising under this chapter, unless approved as reasonable by the judge of compensation claims." Until the judge of compensation claims sets and thus (or otherwise) approves the amount of the fee, the dispute concerning the amount of the fee makes the fee not only uncollectible, but unpayable. See Boulis v. Fla. Dep't of Transp., 733 So.2d 959, 962 (Fla.1999) (holding that section 440.34(1) "precluded the payment of attorney's fees in workers' compensation cases until the amount of the fees was established by final order . . . because section 440.34(1) provided that no fee could be paid in workers' compensation cases for services rendered until approved *256 by the workers' compensation claims judge"); Mims v. Lipton Toyota, Inc., 709 So.2d 106, 106 (Fla.1998); Lee v. Wells Fargo Armored Servs., 707 So.2d 700, 702 (Fla.1998) ("[A]n attorney fee cannot be paid until it is approved as reasonable by the JCC or court having jurisdiction over the proceeding. . . . It naturally follows that there is no entitlement to interest on attorney's fees in a workers' compensation case until the amount of the fee has been approved by the JCC.").

IV.
In two important respects, however, the judge of compensation claims erred in analyzing whether or not to depart downward from a guidelines fee. First, the order under review raises unfounded[1] concerns about "double dipping" on the basis of a misapprehension about the reach of the decision in Buena Vista Construction Co. v. Capps, 656 So.2d 1378 (Fla. 1st DCA 1995). In the present case, Mr. Zientz protected Mr. Valdes from divestiture of attendant care benefits that Galco and GAB initiated proceedings to strip him of. On this point, the amended order on attorney's fees states:
Attorney Zientz already received a fee award of $15,000 for attendant care which included consideration of the value of future attendant care benefits. . . . Generally, an attorney cannot take an additional fee award on benefits already secured and where a fee was already given. . . . Buena Vista Construction Co. v. Capps, 656 So.2d 1378, 1380 (Fla. 1st DCA 1995). Indeed, awarding a fee based on the value of benefits secured when those values already served as the predicate for a prior fee raises concerns over "double dipping." Yet it must be recognized that Attorney Zientz was able to fend off [the] E/C's petition for modification which requested termination of attendant care, and that he is clearly entitled to [a] reasonable fee for his success in this regard. . . . To allow for reasonable compensation to an attorney under these circumstances while preventing double dipping, a fee should be awarded [] based on the hours expended in successful defense of the E/C's modification action.
The present case is readily distinguishable from Capps, because here a petition for modification under section 440.28 was filed, as to the attendant care benefits; and no order required payment of indemnity benefits when the litigation began. Compare Capps, 656 So.2d at 1380 ("The JCC erroneously included future monetary benefits in computing the attorney's fee award. These future benefits were already `secured' under the final order . . . and the JCC had no jurisdiction to alter, amend, or otherwise to `re-secure' all or any part of those benefits in the absence of a petition for modification under section 440.28. No *257 such petition was pending before the JCC. . . ."). This is not a case in which benefits already awarded needed only to be collected. The very award of the benefits was at issue.
Second, the order under review erroneously proceeded on the assumption that no fees should be awarded "for work related to the criminal matter," even if done by Mr. Zientz, and even if reasonably done in anticipation of and preparation for hearings before the judge of compensation claims. The amended order on attorney's fees stated categorically that fee record "entries [involving the criminal matter] on their face establish that they should not be considered because they involve a subject matter over which the undersigned has no jurisdiction."
Fees for Mr. Zientz's work were reduced merely because some of the time he spent on the workers' compensation case "related" to the criminal matter. But even Galco and GAB conceded that some hours spent in the criminal matter may have been "necessary . . . to protect [Mr. Valdes's] benefits under workers' compensation," because of claimant's counsel's "need[] to familiarize himself with the goings-on in the criminal case." The order under review itself acknowledges that "[d]evelopments in  and the outcome of  the criminal case had a very real potential to directly impact Claimant's workers' compensation case."
To the extent attorney hours were reasonably spent in advancing Mr. Valdes's interests in the workers' compensation proceeding[2] they should have been taken into account, even if they also helped in preparation of the criminal case. See § 440.34(1), Fla. Stat. (1983) ("[T]he [judge] shall consider . . . in each case . . .:(a) The time and labor required. . . ."). In a somewhat similar situation involving a different type of proceeding in circuit court, we held the employer and its insurance carrier responsible for reimbursement of a claimant's attorney's fees incurred in guardianship proceedings initiated incident to workers' compensation proceedings.
It is undisputed that there was a causal relationship between the subject industrial accident and the mental disorder which precipitated the JCC's invocation of the provisions of Section 440.17 and the consequent establishment of a guardianship for the claimant. . . . [W]e hold that the . . . attorney's fees related to the guardianship are properly awardable against the E/C . . . only to the extent that they are incurred in and about the handling of the claimant/ward's rights, duties, and responsibilities under Chapter 440, including but not necessarily limited to such activities as the collection of benefits under Chapter 440. . . .
Southeastern Concrete Floor v. Charlton, 584 So.2d 574, 576 (Fla. 1st DCA 1991). Here, as the judge of compensation claims observed, "[t]here is an inherent link between the criminal case and the comp case *258 which I don't think we can get around. Clearly, what resulted in the criminal prosecution were the underlying actions in the workers' compensation case." The criminal charges filed against Mr. Valdes alleged violations of section 440.105, Florida Statutes (1999); entitlement to the benefits at issue in the workers' compensation case turned on the same facts at issue in parallel proceedings in criminal court. Preparing to meet Galco's and GAB's allegations in the workers' compensation case naturally "related to the criminal matter" in the sense of helping to meet the same allegations in the criminal information.

V.
On remand, the judge of compensation claims should calculate a statutory guidelines fee as a starting point; then reconsider whether and to what extent deviation is indicated, in light of the statutory factors, without regard to the fact that Mr. Zientz received a fee (in another proceeding) for originally securing the attendant care benefits (in that other proceeding), benefits that Galco and GAB sought to take away from Mr. Valdes in the present modification proceedings; and should also determine whether claimant has shown that some or all of the hours claimed for Mr. Zientz's work that "related to the criminal matter" were nevertheless reasonably "incurred in and about the handling of the claimant[]'s rights, duties, and responsibilities under Chapter 440." Charlton, 584 So.2d at 576.
The amended order on attorney's fees is vacated, and the matter is remanded, with directions.
POLSTON and THOMAS, JJ., concur.
NOTES
[1] Appellant points out that the materials relied on in this connection may not have been a matter of record. The amended order states:

[P]revious filings and orders entered in this cause would appear to directly impact on the issues presented for the undersigned's resolution. However, they were not made part of the record and thus not considered in the ultimate findings and conclusions. These include: (1) March 21, 1999 Order on Stipulation to Attorney's Fees pertaining to attendant care. . . .
Yet the amended order seems to rely on the very stipulation presumably attached to the March 21, 1999 order:
[T]hough not a part of the record at bar, the undersigned's review of the court file revealed that Attorney Zientz already received a fee award of $15,000 for attendant care which included consideration of the value of future attendant care benefits. See Stipulation on Attorney Fees dated Ma[rch] 21, 1999.
[2] The burden is on the claimant to establish the amount of the fee to which he is entitled, including which hours were spent in furtherance of the workers' compensation claims; and it is for the judge of compensation claims, in the first instance, to determine the sufficiency of claimant's documentation. See Lee Eng'g & Constr. Co. v. Fellows, 209 So.2d 454, 457 (Fla.1968) (explaining that the judge has discretion to set the attorney's fee, but it must be substantiated in the record, and the moving party has the burden to show "by appropriate proof . . . the services and benefits which he has rendered and to which he is reasonably entitled"); see also Kraft Dairy Group v. Sorge, 634 So.2d 720, 721 (Fla. 1st DCA 1994) ("Clearly, the burden is on the claimant to plead and prove both entitlement to, and the appropriate amount of, a fee award.").