PADOVANO, J.
The employer and carrier appeal a final order directing them to reimburse an injured worker for the fees and expenses of her court-appointed guardian. Because the Judge of Compensation Claims did not apply the correct standard in evaluating the claim for reimbursement, we reverse and remand for further consideration.
The claimant, Linda Lavoy, was totally incapacitated by an injury she sustained on April 28,1980, in the course of her employment with Florida Cypress Gardens. A guardianship was established for her in a separate proceeding in the circuit court. The appointed guardian, Kathleen Foust, *543 performed a variety of services for Lavoy in addition to pursuing her claim for workers’ compensation benefits, and the circuit court ordered that she be paid $8,534.25, from the guardianship estate.
Following the award of fees in the guardianship case, Lavoy filed a petition for reimbursement. She argued that the fees and expenses of the guardianship should be assessed against the employer and carrier, because the need for the appointment of a guardian came about solely as a result of the accident. The employer and carrier agreed to pay for the services the guardian rendered in connection with Lavoy’s earlier claim for workers’ compensation benefits, but maintained the petition should be denied to the extent that it sought reimbursement for other fees and expenses of the guardianship.
The Judge of Compensation Claims agreed with the claimant and, with one minor exception, approved of all the fees and costs relating to all of the guardian’s services, including those that were unrelated to the pursuit of workers’ compensation benefits. Based on our decision in Sanchez v. Woerner Management, Inc., 867 So.2d 1173 (Fla. 1st DCA 2004), the judge concluded that the employer and carrier had failed to present any evidence that would justify a reduction in the guardian’s bill.
However, the question in this case is not whether the guardian performed all of the services listed in her bill. There is apparently no dispute about that. Rather, the question is whether some or all of these services qualify for reimbursement in a claim against the employer and carrier. This is an issue of law.
In Southeastern Concrete Floor v. Charlton, 584 So.2d 574, 576 (Fla. 1st DCA 1991), the only case addressing the point, we held that an employer is obligated to pay for the services of a guardian only to the. extent that those services were “incurred in and about the handling of the claimant[’s] rights, duties, and responsibilities under .Chapter 440.” Perhaps it would be more equitable to make an employer pay for all of the expenses of a guardianship necessitated by a workplace injury, but the issue is not directly addressed in the Workers’ Compensation Law, and we are bound by our own decisions on the subject. The rule in Charlton requires us to reverse the order in this case. On remand, the employer and carrier should be ordered to reimburse the guardianship estate only for the services the guardian performed in the course of pursuing Lavoy’s claims for workers’ compensation benefits.
Reversed and remanded.
ERVIN, J., concurs in result; HAWKES, J., concurs.