957 So.2d 698 (2007)
UNC AVIATION SERVICES and Crawford & Company, Appellants,
v.
David HORNE, Appellee.
No. 1D06-2086.
District Court of Appeal of Florida, First District.
May 21, 2007.
Rehearing Denied June 13, 2007.
Christopher J. DuBois and Mary E. Cruickshank of DuBois & Cruickshank, P.A., Tallahassee, for Appellants.
Douglas F. Miller of Clark, Partington, Hart, Larry, Bond & Stackhouse, Pensacola, for Appellee.
ROBERTS, J.
The employer/carrier (E/C), UNC Aviation Services and Crawford & Company, appeals the award of attorney's fees to the *699 claimant, David Horne, which includes an award of attorney's fees for the value of an indemnity for permanent, total disability (PTD) that was awarded in a previous proceeding. We reverse and remand.
The claimant was adjudicated PTD in a final order entered on December 14, 1998. On April 19, 2005, the claimant filed a Petition for Benefits requesting the authorization of a new pain-management specialist in his case.
As part of the pre-trial stipulation, the E/C asserted that the claimant "knowingly and intentionally provided false, incomplete, and/or inaccurate information in pursuit of benefits. Violation of Section 441.105 and 440.09(4), Florida Statutes." At the final hearing, the judge of compensation claims (JCC) specifically stated that the misrepresentation defense was not properly before him and that he would not consider it in regard to the claimant's Petition for Benefits. The JCC awarded the claimant's petition and authorized a new pain-management specialist.
At the hearing on attorney's fees, the JCC awarded attorney's fees based on the present value of all future PTD benefits due to the claimant. This award was based on the theory that since the E/C sought to raise a misrepresentation defense, the claimant's entire future PTD benefits were in danger of being forfeited under the provisions of sections 440.09 and 440.105, Florida Statutes (2005).
This was error. Because the JCC found that the defense was not properly raised and did not consider it, the claimant's PTD benefits were never at issue and could not be a basis for attorney's fees. Cf. Smith v. Smith, 927 So.2d 118 (Fla. 2d DCA 2006).
Under Valdes v. Galco Construction, 922 So.2d 252 (Fla. 1st DCA 2006), a claimant may be awarded attorney's fees based on the value of future PTD benefits on a previous order, if the E/C files a petition for modification seeking to terminate benefits based on misrepresentation. We specifically are not addressing whether a properly raised affirmative defense of misrepresentation would put PTD benefits in danger of termination such that attorney's fees would be appropriate for the whole value of those benefits.
We REVERSE and REMAND for further proceedings consistent with this opinion.
HAWKES and THOMAS, JJ., concur.