THOMAS, J.,
Concurring.
I agree that the order of the Judge of Compensation Claims (JCC) should be affirmed. I write to express my opinion that had Claimant’s attorney preserved the issue of attorney’s fees, he may have been entitled to fees for successfully defeating employer/carrier’s (e/c’s) misrepresentation defense.
Claimant filed a petition for benefits seeking for both temporary and permanent total disability benefits. He also requested attorneys’ fees pursuant to section 440.34(3)(a)-(d), Florida Statutes (2002). E/C denied the claims for indemnity benefits and asserted various defenses, includ-ing the allegation that Claimant is no longer entitled to benefits because he violated sections 440.09 and 440.105, Florida Statutes, by allegedly misrepresenting his condition to his doctors. The JCC denied Claimant’s request for benefits, and rejected e/c’s misrepresentation defense. The JCC did not address Claimant’s request for attorneys’ fees, and Claimant has requested that this court instruct the JCC to do so.
This court has held that a claimant’s attorney is entitled to attorneys’ fees for hours expended on a criminal matter based on alleged workers’ compensation fraud, but only to the extent the hours were reasonably spent in advancing the claimant’s interests in his workers’ compensation proceeding. See Valdes v. Galco Constr., 922 So.2d 252, 257 (Fla. 1st DCA 2006). In Valdes, in addition to the criminal fraud matter, the e/c also sought modification of a previous compensation order seeking to terminate the claimant’s attendant care benefits. Id. at 254. The e/c conceded that some of the attorneys’ hours spent in the criminal case may have been necessary to protect the claimant’s workers’ compensation benefits. This court agreed, holding that in deciding the proper fee amount, the JCC should have consid-ei’ed the reduction in benefits that e/c was seeking in the workers’ compensation modification proceeding. Id. at 257-58. Had the e/c prevailed in the modification proceeding, the claimant would have lost entitlement to future benefits. The same would have been true here, had e/c prevailed on its misrepresentation defense.
In UNC Aviation Services v. Home, a case that involved a pre-October 1, 2003, date of accident, the e/c also raised a misrepresentation defense; the JCC found it was not properly before him, however, and refused to consider it. 957 So.2d 698, 699 (Fla. 1st DCA 2007). After finding for claimant on his petition for benefits seeking authorization of a new pain management specialist, the JCC awarded attorneys’ fees based on the value of future benefits that were in danger of being forfeited as a result of the misrepresentation defense. Id. This court held that the JCC erred, explaining, “Because the JCC found that the defense was not properly raised and did not consider it, the claimant’s PTD benefits were never at issue and could not be a basis for attorneys’ fees.” Id. at 699. Citing Valdes, the court noted that a claimant may be awarded fees “based on the value of future PTD benefits on a previous order, if the e/c files a petition for modification seeking to terminate benefits based on misrepresentation.” Id. at 699. The court went on to state, however, that it specifically was not “addressing whether a properly raised affirmative defense of misrepresentation would put PTD benefits in danger of termination such that attorney’s fees would be appropriate for the *839 tuhole vahie of those benefits.” Id. (emphasis added). Thus, this court has at least implicitly acknowledged a claimant may be entitled to attorneys’ fees when a misrepresentation defense is properly raised that jeopardizes the claimant’s entitlement to future benefits, even if the court has not specifically addressed how to measure the value of those benefits in determining the fee amount.
Here,' Claimant’s request for fees was based on section 440.34(3)(a)-(d), Florida Statutes (2002). These subsections provide for e/c-paid attorneys’ fees when a claimant either successfully prosecutes a petition for benefits, prevails on the issue of compensability when the e/c denies that a compensable accident occurred, or prevails in proceedings filed under sections 440.24 or 440.28, Florida Statutes. None of these grounds exists here.
Conversely, sections 440.34(1) and (2), Florida Statutes (2002), do provide the appropriate statutory source for fee entitlement under these circumstances. Subsection (1) allows for a fee based on “services rendered for a claimant in connection with any proceedings arising under this chapter -” (emphasis added). Subsection (2) includes the requirement that the JCC, in awarding a “reasonable claimant’s attorneys’ fee,” must “consider only those benefits to the claimant that the attorney is responsible for securing.” The term “benefits secured” is defined, however, as “benefits obtained as a result of the ... attorneys’ legal services rendered in connection with the claim for benefits.” (emphasis added). Thus, section 440.34(2), Florida Statutes (2002), could allow for a fee even if the attorney does not obtain the requested benefits because the services he renders in defending a misrepresentation defense are rendered “in connection” with the claim for benefits, and preserve the claimant’s entitlement to future benefits.
By requesting attorneys’ fees pursuant to section 440.34(3)(a)-(d), Claimant failed to put e/c on notice that he was claiming fee entitlement in the event Claimant successfully defeated e/c’s misrepresentation defense. It was only in Claimant’s motion for rehearing that he requested the JCC reserve jurisdiction to determine his entitlement to attorneys’ fees. Consequently, Claimant has failed to preserve the issue. In my view, where a claimant properly preserves the issue and successfully defends against a misrepresentation allegation, and all other requisite factors are present, the claimant would be entitled to payment of an appropriate fee.